Caton, J. This action was brought to> recover tire value ©f a mare which belonged t©>the plaintiff. The evidence shows that the mare was in the defendant’s com field. The defendant told one of the witnesses, that in scaring her out of the field he turned Ms coat over Ms head and ran at her, and wished she might break her neck. In jumping the fence she broke her thigh. Where she jumped the fence it was eight rails high ; in other places the fence was poor. In the opinion of the witnesses the mare was worth from forty to- forty-five dollars. The jury returned a verdict of not guilty. In the course of the trial, one Orr, testified that the mare was breaehy, that she was raised on Ms place “ as a trespassing animaland that he told the plaintiff so when he bought her. The plaintiff requested the Court to withdraw this testimony from the consideration of the jury as irrelevant; which the Court refused to do, saying “ it was. material.” To this the defendant excepted. We are of opinion with the Circuit Court, that this evidence was material., The* gist of this action was carelessness, negligenee or imprudence, on the part of the defendant in driving ©at the mare. We understand a breaehy horse to. be one, which is in the habit of jumping ordinary fences.. It is manifest that a prudent man, might not hesitate'to drive an animal over a fence which he knew it was in the constant habit of jumping, when he would not tMnk of frightening one,, to attempt such a leap, which he-knew was not unruly. It certainly was not improper to allow the defendant, to show that a prudent man might have driven the mare over the same fence, and this evidence tended to show that fact, and was properly admitted. An objection was made to the refusal of the Court to give an instruction asked for by the plaintiff, but as the decision of the Court refusing the instruction was not excepted to, it is not before us for examination. As to whether the defendant acted imprudently in driving the mare out of his field, was a question peculiarly appropriate for the consideration of the jury. It was a subject with which the jurors are probably better acquainted than we are, and we feel no disposition to disturb their finding. We cannot say that they decided erroneously. The judgment of the Circuit Court must be affirmed with costs. Judgment affirmed.